IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:01-CR-121-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSE JUAN BARAJAS, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for a reduction in his sentence, filed January 18, 2011 [DE #376]. Defendant states that he "want[s] to be considered for the specific departure based on cultural assimilation (§2L1.2) and or any combination of departures and variances" pursuant to amendments to the United States Sentencing Guidelines that became effective November 1, 2010.

Title 18, United States Code, Section 3582(c)(2) provides for modification of an imposed term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relief sought by defendant has not been authorized by the United States Sentencing Commission or by statute. Defendant was not sentenced pursuant to Guideline § 2L1.2 and he is, therefore, not entitled to the benefit of any amendment to the cultural assimilation standard. Moreover, although recent amendments to the Sentencing Guidelines have established new departure standards for certain specific offender characteristics, these amendments have not been made retroactively applicable to cases such as defendant's. Consequently, defendant's motion does not fall within the parameters of 18 U.S.C. § 3582(c)(2) and is, therefore, DENIED.

This 9th day of November 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31